In the Matter of ALBERT MANCUSO, Petitioner, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Bronx County, January 11, 1949.

*Lewis J. Allessio* for petitioner.

*Nathan W. Math* for respondents.

KOCH, J. This is an application to set aside the determination of the Temporary City Housing Rent Commission. Petitioner is the landlord of the premises in question, and is presently living in the basement of said premises. The application for a certificate of eviction was refused on the grounds that the landlord was not able to show a compelling necessity, and that there was a lack of good faith in making such application. The commission's findings were that the landlord who with his wife occupied the basement, had adequate housing facilities and that

the application was made because the tenant had demanded that the landlord paint the tenant's apartment.

When this matter came on for hearing, the court suggested an interchange of apartments. To effect this exchange the matter was referred back to the commission. Upon further hearing before the commission, the tenant rejected the basement apartment in its present condition and demanded that certain improvements be made before it would be acceptable to him. The commission through one of its agents then made an inspection of the basement. His report states: " The floor is made of concrete and there is a draft throughout the basement. The oil burner is in one of the rooms. There are various articles in said two rooms such as a gas range, washing tub sink, combination sink, two tables, a davenport, a clothes closet, a bathroom, some old furniture and a few chairs. These two rooms could be used for eating, and lounging in the summer time but it seems to me that it could not be used for livable quarters. The reasons being that the place is cold, damp and drafty ". The commission then reported that no agreement could be reached and reaffirmed its original determination. This decision is in complete disregard of the evidence. It is to be noted that the petitioner and his wife are an aged couple, and are both under a doctor's care. Their ailments are such that with advancing years further complications may reasonably be expected to develop. The court finds that the commission's determination is unsupported by the evidence and in fact contrary to its own investigation. Accordingly, the application is granted. Settle order.